UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT

_____

No. 25-1222

KPM ANALYTICS NORTH AMERICA CORPORATION,
Plaintiff – Appellee,

v.

BLUE SUN SCIENTIFIC, LLC;
THE INNOVATIVE TECHNOLOGIES GROUP & CO., LTD.,
Defendants – Appellants,

ARNOLD EILERT; ROBERT GAJEWSKI; RACHAEL GLENISTER;
GREGORYISRAELSON; IRVIN LUCAS; PHILIP OSSOWSKII; MICHELLE
GAJEWSKI,
Defendants.

_____

**APPELLEE KPM ANALYTICS NORTH AMERICA CORPORATION'S OPPOSITION TO DEFENDANTS-APPELLANTS' MOTION FOR A PROCEDURAL ORDER**

_____

Scott R. Magee (Bar No. 111746)
Morse, Barnes-Brown & Pendleton, P.C.
480 Totten Pond Road
Waltham, MA 02451
Tel: 781-697-2233
Fax: 781-622-5933
smagee@morse.law

Dated: July 16, 2025

Pursuant to Fed. R. App. P. 27(a)(3), Appellee KPM Analytics North America Corporation ("KPM") opposes the motion for a procedural order filed by defendants-appellants, Blue Sun Scientific, LLC, and The Innovative Technologies Group &

Co., Ltd. (the "Appellants") in which the Appellants seek to enlarge the time for filing the opening brief and appendix by 30 days from August 4, 2025 to September 3, 2025.

On June 23, 2025, the Court issued an order and briefing notice in which the Court noted that "the record on appeal now being complete, …the appellant's brief must be filed by August 4, 2025." In addition to setting the deadline for filing the brief, the order starts the time running during which the Appellants must undertake responsibilities antecedent to filing the brief. Specifically, Fed. R. App. P. 30(b)(1) provides that, "[i]n the absence of an agreement, the appellant must, within 14 days after the record is filed, serve on the appellee a designation of the parts of the record the appellant intends to include in the appendix and a statement of the issues the appellant intends to present for review." The deadline for the Appellants to identify the contents of the appendix and identify the issues on appeal here was July 7, 2025. Appellants did not do so by July 7, nor have they done so as of the date of this filing. That alone is sufficient reason for this Court to dismiss the appeal for lack of prosecution. Allowing the motion would simply reward the Appellants for failing to comply in the first instance with Rule 30(b)(1).

Appellants' argument that they "have not yet received the entirety of the record from trial counsel" is not a basis for allowing the motion. Appellants' notice of appeal was docketed in this Court on March 12, 2025, and the record was

4930-5108-3606, v. 1

complete on June 23, 2025. The motion does not provide any good cause for why, during that time, Appellants (either through appellate counsel or on their own as clients exercising their right to their files) could not have obtained any missing items in the record from their trial counsel. Given the deadlines imposed by Rule 30(b)(1), Appellants should have raised this issue sooner. Indeed, Appellants only raised this issue with the undersigned for the very first time the day before filing their motion. The First Circuit Rulebook, while not strictly binding, provides that "Motions to enlarge time to file briefs…are discouraged. Any such request must be made by a motion filed well before the expiration of the time limit for filing the brief." First Circuit Rulebook at vii. The spirit of that directive to litigants should equally apply when the extension is based on a foreseeable need – to get copies of the record and designate contents of the appendix and statement of issues on appeal – before the deadline to do so has passed. In short, this was a problem of Appellants' own making.

Further, Appellants' request for an extension should be denied as inequitable because it is a continuation of Appellants' past conduct seeking to delay justice for KPM. After final judgment was issued, in the District Court, KPM sought to initiate enforcement of the money judgment by filing a Motion for Leave to Register Judgment in the District of Maryland, where both Appellants maintain their principal

4930-5108-3606, v. 1

place of business. Dist. Ct. ECF No. 329.[1] Appellants opposed, arguing that the Court should defer ruling for 30 days in order to permit them to file bankruptcy, stating, "Both Blue Sun and ITGC have engaged bankruptcy counsel to file petitions for Chapter 11 Bankruptcy within the next few weeks. Those filings will automatically stay any efforts to collect on the judgment and moot the Request." Dist. Ct. ECF No. 333 at 2. Despite the representations to the District Court, neither of the Appellants filed any sort of bankruptcy "within the next few weeks" or at all.

KPM is entitled to prompt resolution of this appeal. Further delay would be inequitable.

WHEREFORE, Appellee KPM Analytics North America Corporation respectfully requests that this Court deny Appellants' July 16, 2025 procedural motion.

---

[1] Neither of the Appellants filed a bond or offered any other security under Fed. R. Civ. P. 62, therefore KPM can engage in enforcement of the judgment while the appeal is pending.

        Respectfully submitted

        Plaintiff-Appellee KPM Analytics North America Corporation
        By its Attorneys,

        <u>/s/ *Scott R. Magee*</u>      .
        Scott R. Magee (Bar No. 111746)
        Morse, Barnes-Brown & Pendleton, P.C.
        480 Totten Pond Road
        Waltham, MA 02451
        Tel: 781-697-2233
        Fax: 781-622-5933
        smagee@morse.law

Dated: July 16, 2025

## **Certificate of Service**

    I hereby certify, pursuant to Fed. R. App. P. 25(d), that on July 16, 2025, I electronically filed the foregoing document via ECF, which was sent to the following registered ECF users directly:

Via ECF:
Christopher Anthony Duggan
Dana A. Zakarian
Patricia Hartnett
Christopher J. Hurst
Paige K. Zacharakis

        <u>/s/ Scott R. Magee</u>
        Scott R. Magee
        Morse, Barnes-Brown & Pendleton PC
        480 Totten Pond Road, 4th Floor
        Waltham, MA 02451
        Tel: 781-622-5930
        Fax: 781-622-5933
        smagee@morse.law

4930-5108-3606, v. 1